# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ESTASIO ORSO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-885-JAR |
| SONIA OSIA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Estasio Orso (registration no. 168518) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $8.50, and an average monthly account balance of $6.96. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's

conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Crossroads Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Missouri Department of Corrections employees Sonia Osia, John E. Bain, Larry Short, Steve Larkins, Tom Clements, and George A. Lombardi. Plaintiff alleges that defendants arbitrarily extended his administrative segregation confinement for thirty days "when plaintiff was eligible for release." Plaintiff states that defendants' actions were not supported by department policy.

## Discussion

At the outset, the Court notes that on page 2 of the complaint, plaintiff states that he did not present his claims through the prison grievance system. Specifically, plaintiff states that "administrative remedies would be futile, as grievance procedure does not provide damages."

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Where, as in the instant case, it is apparent from the face of the complaint that a plaintiff has not met the applicable exhaustion requirements, a Court may properly dismiss an in forma pauperis complaint prior to service. *Cf. Smith v. Unknown Corrections Officer*, 196 Fed.Appx. 451, 2006 WL 2620837 (8th Cir. 2006). As noted above, plaintiff concedes that he did not exhaust his available administrative remedies before filing the instant action. Therefore, his claims presently are barred by 42 U.S.C. § 1997e(a).

As additional grounds for dismissing this action, the Court notes that plaintiff's assertion that defendants failed to follow "department policy" does not amount to a § 1983 claim. *Cf. Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Moreover, "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d

643, 645 (8th Cir. 2005) (citing *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979)). Thus, to the extent that plaintiff is contesting the revocation of his parole release date, the claim is legally frivolous.

In addition, plaintiff is bringing this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust his prison grievances. *See* 42 U.S.C. § 1997e(a).[1]

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of June, 2012.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

---

[1] This dismissal shall not count as a strike against plaintiff for purposes of 28 U.S.C. § 1915(g).